IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ILLINI FIRE EQUIPMENT, CO., an Illinois corporation,

    Plaintiff,

v.

ILLINI FIRE SERVICE, LLC., a Delaware limited liability company.

    Defendant.

Case No. 23-cv-2163

JURY TRIAL DEMANDED

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, Illini Fire Equipment, Co. ("Plaintiff"), by its attorneys, Duane Morris LLP, and in support of its Complaint against Illini Fire Service, LLC ("Defendant"), alleges as follows:

**Nature of the Action**

1. This action seeks damages and injunctive relief for Defendant's violation of Plaintiff's trademark rights. This is an action for trademark infringement and unfair competition under Section Act §§ 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common law of the state of Illinois.

2. Plaintiff owns the federally registered ILLINI FIRE EQUIPMENT mark and the federally registered ("ILLINI FIRE Logo") mark (collectively, the "ILLINI FIRE Marks"). Plaintiff uses the ILLINI FIRE Marks in connection with its services of installation,

maintenance, repair, replacement, and inspection of fire protection equipment and systems, and providing safety training related thereto (the "ILLINI FIRE Services").

3. With a blatant disregard for Plaintiff's rights in the ILLINI FIRE Marks, Defendant has recently begun using, without Plaintiff's authorization, the ILLINI FIRE SERVICE, LLC and [ILLINI FIRE SERVICE, LLC logo] name and marks ("Infringing Marks") in connection with providing some or all of the services of installation, maintenance, repair, replacement, and inspection of fire protection equipment and systems, and providing safety training related thereto. Plaintiff has repeatedly notified Defendant of Plaintiff's prior rights in the ILLINI FIRE Marks and has cautioned Defendant against the use of the Infringing Marks for services similar to the ILLINI FIRE Services.

4. Defendant's conduct constitutes federal trademark infringement and federal unfair competition as well as trademark infringement and unfair competition under the laws of the State of Illinois, and is in flagrant violation of Plaintiff's trademark rights. Plaintiff seeks an injunction, an accounting of Defendant's profits flowing from Defendant's use of the Infringing Marks, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## The Parties

5. Plaintiff Illini Fire Equipment, Co. is a corporation organized under the laws of the state of Illinois with its principal place of business at 2801 North Lincoln Avenue Urbana, Illinois 61802.

6. Upon information and belief, Defendant Illini Fire Service, LLC. is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 3804 N. Cunningham Ave, Suite 1 Urbana, Illinois 61802.

**Jurisdiction and Venue**

7.  This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because one or more counts arise under the laws of the United States and more particularly 15 U.S.C. §§ 1114 and 1125 (The Lanham Act). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.  This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has business operations located within the judicial district of the U.S. District Court for the Central District of Illinois and Defendant transacts business within the judicial district of the U.S. District Court for the Central District of Illinois.

9.  Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b)(2).

**Plaintiff's ILLINI FIRE Marks**

10. For *over sixty years*, Plaintiff has been a trusted provider of high quality, lifesaving services of installation, maintenance, repair, replacement, and inspection of fire protection equipment and systems, and providing safety training related thereto.

11. To protect the goodwill developed in the ILLINI FIRE EQUIPMENT mark, Plaintiff filed a trademark application for the ILLINI FIRE Services with the United States Patent and Trademark Office on March 19, 2021, and the application registered on September 13, 2022, as Registration No. 6,842,184. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 1.**

12. Since at least December 31, 1971, Plaintiff has continuously advertised, promoted, offered for sale, and sold the ILLINI FIRE Services under the ILLINI FIRE EQUIPMENT mark.

13. On July 7, 2021, Plaintiff filed a trademark application for the ILLINI FIRE Services with the United States Patent and Trademark Office for the  ILLINI FIRE Logo, and the application registered on September 13, 2022, as Registration No. 6,842,974. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 2.**

14. Since at least July 6, 2021, Plaintiff has continuously advertised, promoted, offered for sale, and sold the ILLINI FIRE Services under the  ILLINI FIRE Logo.

15. Each of the registrations for the ILLINI FIRE Marks are valid and subsisting, in full force and effect, and constitute *prima facie* evidence of the validity of the registered trademarks and of Plaintiff's exclusive right to use the trademarks in commerce in connection with the services specified in the registrations.

16. Plaintiff has spent and continues to spend substantial sums of money, and expend substantial time and effort to advertise and promote the ILLINI FIRE Services using the ILLINI FIRE Marks.

17. Plaintiff has developed, at great effort and expense, valuable goodwill in the ILLINI FIRE Marks and consumers have come to recognize the ILLINI FIRE Marks as being uniquely associated with the ILLINI FIRE Services and Plaintiff. Thus, the ILLINI FIRE Marks have become of one Plaintiff's most valuable assets, and symbols of its goodwill.

### Defendant's Wrongful Conduct

18. Upon information and belief, despite having actual and prior knowledge of Plaintiff's rights in the ILLINI FIRE Marks for the ILLINI FIRE Services, Defendant has

infringed and continues to infringe the ILLINI FIRE Marks through the unauthorized use of the Infringing Marks in connection with some or all of the services of installation, maintenance, repair, replacement, and inspection of fire protection equipment and systems, and providing safety training related thereto (collectively referred to herein as "Defendant's Services"), all of which either are identical to or highly related to the ILLINI FIRE Services.

19. Defendant's Infringing Marks are the legal equivalent of Plaintiff's ILLINI FIRE Marks, that is, Defendant's marks create the same, continuing commercial impression such that a consumer would consider Defendant and Plaintiff's respective marks to be the same.

20. On information and belief, Plaintiff and Defendant both offer to sell and sell their respective services to some of the same customers and through some of the same channels of trade.

21. A search of the membership directory for the National Association of Fire Equipment Distributors – the preeminent trade association serving companies that sell, distribute, and service fire equipment – *only* provides listings for Illini Fire and Illini Fire Services, LLC:



For ease of reference, a closer cropped view of the directory appears below.



22. Plaintiff is not affiliated with or associated with Defendant in any way.

23. Since at least as early as April 2021, Plaintiff has received numerous calls and communications from customers about Defendant believing Plaintiff and its ILLINI FIRE Marks are connected or affiliated in some manner with Defendant due to Defendant's use of the Infringing Marks. On several occasions, customers have mistakenly gone to Defendant's office in search of Plaintiff. For example, Plaintiff received the below email inquiring about Plaintiff's new branch location in Kentucky, when they were actually referring to Defendant's new branch.

> **Amy Lewis - Illini Fire Equipment**
>
> From: Jessica Choi <jchoi@cfpfire.com>
> Sent: Friday, February 26, 2021 12:11 PM
> To: Sara Rogers - Illini Fire Equipment; Amy Lewis - Illini Fire Equipment
> Cc: Vendors
> Subject: Illinois Fire Equipment company - Louisville Branch
>
> Hi Sara, Amy,
> Jen just informed the vendor team to notify us you have another branch in Louisville, KY.
> Can you please provide us the new branch address and contact info for our records?
> Do you provide the same service at this branch as your other branches?
>
> Thank you,
> *Jessica Choi*
> Consolidated Fire Protection
> National Accounts Monitoring Representative
> Monitoring: 949-346-8029
> E-Fax: 949-861-6889
> Direct: 949-202-5290
> Email: jchoi@cfpfire.com
> FIRE PROTECTION AND LIFE SAFETY SPECIALISTS
> 24 HOUR EMERGENCY SERVICE: 1-866-556-4501
> 153 Technology Drive, Suite 200, Irvine CA 92618

24. There have likewise been *numerous* instances of reverse confusion whereby consumers mistakenly contacted Plaintiff when the intended recipient was Defendant, as well as Plaintiff's receipt of financial business documents and proposals, invoice payments, and mail intended for Defendant.

25. Additionally, there also have been instances where Plaintiff's customers have unknowingly accepted Defendant's Services due to the customer believing that those services are associated with Plaintiff based on Defendant's use of the Infringing Marks.

26. As early as December 2022, Plaintiff contacted Defendant to demand that it cease using the Infringing Marks.

27. Despite having demanded that Defendant cease using the Infringing Marks, Defendant knowingly and willfully continued to infringe Plaintiff's ILLINI FIRE Marks.

28. Defendant's unauthorized use of the Infringing Marks is likely to cause, and has caused, actual confusion as to the affiliation, association, sponsorship, and/or approval of Defendant and Defendant's Services with Plaintiff and its ILLINI FIRE Marks.

29. Upon information and belief, Defendant adopted and commenced use of, and plans to continue to use, the Infringing Marks with the intent and purpose of trading upon the extensive goodwill built up by Plaintiff in its ILLINI FIRE Marks and to reap the benefits of the years of effort invested by Plaintiff to create public recognition of the ILLINI FIRE Marks and Plaintiff's services sold thereunder.

30. Defendant has engaged and continues to engage in deliberate and willful infringement designed to confuse consumers as to the source of Defendant's Services sold and provided under the Infringing Marks and to trade upon Plaintiff's valuable intellectual property, goodwill, and reputation.

31. Defendant's conduct constitutes trademark infringement, unfair competition, and false designation of origin, in violation of federal, state, and common law.  Under the applicable federal and state statutes, Plaintiff would be entitled to not only immediate and permanent injunctive relief against Defendant's continued infringement, but also to recovery of profits, treble damages, and punitive damages.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

32. Plaintiff restates and incorporates by reference the allegations asserted in each of the preceding paragraphs as though fully set forth herein.

33. Plaintiff owns valid and protectable federal trademark registrations for the ILLINI FIRE Marks, as shown in Exhibits 1 and 2 attached hereto. The ILLINI FIRE Marks are used in

commerce and have been used continuously in commerce. The ILLINI FIRE Marks are distinctive by virtue of their inherent and acquired distinctiveness.

34. Plaintiff has continuously used Plaintiff's ILLINI FIRE Marks in interstate commerce since its dates of first use. Plaintiff has developed significant recognition in the consuming public and in the industry, with respect to its marks.

35. Defendant's Infringing Marks and Plaintiff's ILLINI FIRE Marks are used in connection with the same or highly related services, which directly compete with each other and are sold through the same or directly competing channels of trade to the same class of consumers.

36. Upon information and belief, consumers who encounter Defendant's Services are likely to believe that those services are sourced from, affiliated with, or associated with Plaintiff. Thus, Defendant's use of the Infringing Marks in association with Defendant's Services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

37. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks with actual knowledge of Plaintiff's prior use of and rights in the ILLINI FIRE Marks. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

38. Defendant's wrongful actions are likely to cause and, if not enjoined, will cause, deception, confusion in the marketplace, and irreparable harm to Plaintiff and Plaintiff's

goodwill and exclusive trademark ownership rights, for which Plaintiff has no adequate remedy at law.

39. Upon information and belief, Defendant has profited from this infringement.

40. This is an exceptional case under 15 U.S.C. § 1117(a).

41. Defendant's willful conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

42. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Plaintiff is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

**SECOND CAUSE OF ACTION**
**(Federal Unfair Competition and False Designation of Origin,**
**15 U.S.C. § 1125(a))**

43. Plaintiff restates and incorporates by reference the allegations asserted in each of the preceding paragraphs as though fully set forth herein.

44. Upon information and belief, consumers who encounter Defendant's Services are likely to believe that those services are sourced from, affiliated with, or associated with Plaintiff. Thus, Defendant's use of the Infringing Marks in association with Defendant's Services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

45. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks with actual knowledge of Plaintiff's prior use of and rights in the ILLINI FIRE Marks. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

46. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Unfair Competition Under Illinois Common Law)

48. Plaintiff restates and incorporates by reference the allegations asserted in each of the preceding paragraphs as though fully set forth herein.

49. Upon information and belief, consumers who encounter Defendant's Services are likely to believe that those services are sourced from, affiliated with, or associated with Plaintiff. Thus, Defendant's use of the Infringing Marks in association with Defendant's Services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

50. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks with actual knowledge of Plaintiff's prior use

of and rights in the ILLINI FIRE Marks. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Services in connection with the Infringing Marks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

51. By misappropriating and trading upon the goodwill and business reputation represented by the ILLINI FIRE Marks, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

52. Defendant's sale, advertisement, and promotion of Defendant's Services under and/or in connection with the Infringing Marks, constitutes unfair competition under Illinois common law.

53. Defendant's actions are deliberate, willful and in complete disregard for Plaintiff's rights, of which Defendant has actual and constructive knowledge.

54. Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

55. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action

**FOURTH CAUSE OF ACTION**
**(Deceptive Trade Practices in Violation of 815 ILCS 510/1 et seq.)**

56. Plaintiff restates and incorporates by reference the allegations asserted in each of the preceding paragraphs as though fully set forth herein.

57. Defendant's use of the Infringing Marks in direct competition with Plaintiff violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

58. Defendant's wrongful actions are likely to cause and, if not enjoined, will cause, deception, confusion in the marketplace, and irreparable harm to Plaintiff and Plaintiff's goodwill and exclusive trademark ownership rights, for which Plaintiff has no adequate remedy at law.

59. Defendant's actions are deliberate, willful and in complete disregard for Plaintiff's rights, of which Defendant has actual and constructive knowledge.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Illini Fire Equipment, Co. hereby requests:

(a) That Defendant and its agents be permanently enjoined from using or displaying Plaintiff's marks or any name or mark confusingly similar thereto.

(b) That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's marks and said unfair competition, and to account for all gains, profits and advantages derived by Defendant as a result of their infringement and/or unfair competition.

(c) That Defendant be required to pay all damages the Court deems proper within the provisions of the trademark statutes.

(d) That Defendant be required to pay to Plaintiff the costs of this action and reasonable attorneys' fees.

(e) Any such further relief as the Court deems appropriate and just.

Dated: July 27, 2023

Respectfully submitted,

**ILLINI FIRE EQUIPMENT, CO.**

By:     */s/ Edward J. Keating*
           One of Their Attorneys

Edward J. Keating (ARDC No. 6330220)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: 312.499.6724
Facsimile: 312.277.2343
ejkeating@duanemorris.com

*Attorney for Plaintiff*